# United States Court of Appeals for the Fifth Circuit

No. 24-50795
CONSOLIDATED WITH
No. 24-50797
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 20, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EZEQUIEL AMBROSIO-VAIL,

*Defendant—Appellant*.

_____

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 2:23-CR-1834-1,
2:23-CR-2023-1

_____

Before GRAVES, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Ezequiel Ambrosio-Vail appeals his 2024 conviction and sentence for illegal reentry under 8 U.S.C. § 1326. He received an enhanced sentence under § 1326(b) based on a prior felony conviction that led to his removal.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

24-50795
c/w No. 24-50797

This appeal has been consolidated with his appeal from the revocation of supervised release tied to a prior conviction.

As for the illegal-reentry conviction, Ambrosio-Vail raises a single argument: that § 1326(b)'s sentencing enhancement is unconstitutional because it allows a sentence above the statutory maximum in § 1326(a) based on a prior conviction that wasn't alleged in the indictment or found by a jury beyond a reasonable doubt. But this argument is both new and foreclosed. *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), squarely holds that the fact of a prior conviction need not be charged or proved to a jury. *See also United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019); *Erlinger v. United States*, 602 U.S. 821, 838 (2024).

Ambrosio-Vail, for his part, acknowledges as much. He takes no position on the Government's motion for summary affirmance and concedes that *Almendarez-Torres* forecloses his claim. And he has offered no argument—briefed or otherwise—regarding the consolidated appeal from the supervised-release revocation.

Accordingly, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We GRANT the Government's motion for summary affirmance, DENY as moot its alternative motion for an extension of time, and AFFIRM the judgment of conviction and the order of revocation.